UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANKLIN M. SANCHEZ,

                                Plaintiff,

-v-

CAROLYN W. COLVIN,

                                Defendant.

16-CV-999 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

    Plaintiff Franklin M. Sanchez ("Mr. Sanchez") brings this action seeking review of a partially favorable final decision of the Acting Commissioner of Social Security ("Commissioner"). (Dkt. No. 1.)

    In this case, the Administrtive Law Judge ("ALJ") found that Mr. Sanchez was disabled beginning on August 2, 2013, but not at any time prior to that date. (*See* Dkt. No. 8-2 at 19.) On June 10, 2106, Mr. Sanchez filed a motion for judgment on the pleadings, seeking an award of benefits from January 1, 2013, to August 1, 2013, the period over which the Commissioner found Plaintiff not to be disabled. (Dkt. No. 12.) On August 8, 2016, the Commissioner responded by filing a motion to remand for further consideration based on the ALJ's failure to properly evaluate all medical opinions relevant to the ALJ's finding of no disability pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Dkt. No. 18.)

    The parties agree that a remand is appropriate in this case but disagree as to the scope of the requested remand order. Mr. Sanchez argues that remand is appropriate solely to reconsider the ALJ's determination that he was not disabled between January 1, 2013, and August 1, 2013. (*Id.*) The Commissioner disagrees and argues that the entire agency decision is subject to review on remand. (Dkt. No. 23 at 3.)

    Mr. Sanchez notes that the Commissioner "has not pointed to any evidence that the favorable portion of the ALJ's decision is not supported by substantial evidence or applied the

1

incorrect legal standard." (Dkt. No. 20 at 3-4.) Mr. Sanchez seeks the preclusion of reconsideration of the ALJ's determination of this period of disability—beginning August 2, 2013—because that issue was not timely reopened or appealed by the Commissioner. (*Id.* (citing 20 C.F.R. § 404.988(a)).) The Commissioner argues that the entire period should be reconsidered upon remand. (*See* Dkt. No. 23.) In this case, the ALJ explicitly noted that "[m]edical improvement is expected with appropriate treatment" such that "a continuing disability review is recommended in 12 months." (Dkt. No. 8-2 at 20.) As such, there is a "heightened need upon remand for further proceedings to . . . ascertain . . . whether medical improvement occurred or is still expected." (Dkt. No. 23 at 5.)

The Court agrees with the Commissioner that the scope of the remand should not be limited exclusively to the period between from January 1, 2013, to August 1, 2013 for the reasons stated in the parties' submissions. The ALJ shall also consider whether any medical improvement that would alter Mr. Sanchez's disability status occurred between September 18, 2014, when the ALJ's decision issued (*see* Dkt. No. 8-2 at 20), and the present.

Accordingly, Mr. Sanchez's motion for judgment on the pleadings (Dkt. No. 12) and the Commissioner's motion to remand pursuant to the fourth sentence of § 405(g) (Dkt. No. 18) are both GRANTED. The Commissioner's final decision is hereby reversed and this matter is remanded to the Commissioner for further proceedings consistent with this Order.

The Clerk shall close the motions at Docket Nos. 12 and 18 and close this case.

SO ORDERED.

Dated: March 9, 2017
　　　　New York, New York

_____
J. PAUL OETKEN
United States District Judge